# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**IN RE:**

| | | | |
|---|---|---|---|
| **KURT ALAN TOPFER** | | | |
| | **Debtor 1** | **Chapter:** | **7** |
| | | **Case No.:** | **5-18-bk-01966 RNO** |
| **KURT ALAN TOPFER** | | **Adversary No.:** | **5-18-ap-00066 RNO** |
| | **Plaintiff(s)** | **Document No.:** | **14** |
| **vs.** | | | |
| **EVELYNE RUETIMANN TOPFER** | | **Nature of Proceeding:** | **Motion for Remand** |
| | **Defendant(s)** | | |

| | | | |
|---|---|---|---|
| **EVELYNE RUETIMANN TOPFER** | | | |
| | **Movant(s)** | **Chapter:** | **7** |
| **vs.** | | **Case No.:** | **5-18-bk-01966 RNO** |
| **KURT ALAN TOPFER and ROBERT P. SHEILS, JR., CHAPTER 7 TRUSTEE** | | **Document No.:** | **21** |
| | | **Nature of Proceeding:** | **Motion for Relief from Automatic Stay** |
| | **Respondent(s)** | | |

## OPINION[1]

The Chapter 7 Debtor removed a state court divorce action to the Bankruptcy Court. His

wife, the plaintiff in the state court, moved to remand the matter. She also sought relief from the

automatic stay to have the state court determine equitable distribution and other marital issues. I

---

[1] Drafted with the assistance of Maria Babajanian, Esq., Law Clerk.

will permissively abstain from hearing the divorce action, which will be remanded to State Court. Limited relief from the automatic stay will be granted to the Debtor's wife.

## I. PROCEDURAL HISTORY

Kurt Alan Topfer ("Kurt") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on May 9, 2018. Kurt is self-represented and filed schedules and statements along with his bankruptcy petition. Voluntary Petition for Individuals Filing for Bankruptcy and Schedules A through J and Summary of Schedules, May 9, 2018, BK ECF No. 1 ("Petition").

On June 6, 2018, Kurt commenced an Adversary Proceeding by filing a Notice of Removal. Notice of Removal, June 6, 2018, AP ECF No. 1 ("Removal Notice"). The Removal Notice relates to a pre-petition divorce action against Kurt filed by Evelyne R. Topfer ("Evelyne"). The divorce action was filed to Number 384 of 2015 in the Court of Common Pleas of Luzerne County ("State Court"), the Pennsylvania trial court ("Divorce Action").

After the Removal Notice was filed with this Court, an Order was entered directing Kurt to file with the Bankruptcy Clerk the complete docket and the pleadings filed in the Divorce Action. Pursuant to Federal Rule of Evidence 201, I take judicial notice of matters not reasonably subject to dispute in the docket in the underlying Chapter 7 bankruptcy case and in the Adversary Proceeding where the Removal Notice is pending. It is noted that copies of the State Court documents filed to the Adversary Proceeding total more than 140 in number.

In the Adversary Proceeding, Evelyne responded to the Removal Notice by filing a Motion for Remand of Removed Case. Mot. for Remand of Removed Case, June 28, 2018, AP ECF No. 14 ("Remand Motion"). The Remand Motion seeks remand of the Divorce Action to the State Court.

An Order was entered requiring that any objection to the Remand Motion be filed by July 13, 2018. Kurt did not file a timely objection to the Remand Motion. A hearing was held on the Remand Motion on July 20, 2018, and at that time Evelyne's counsel and Kurt presented argument. Most of Kurt's argument suggested that the State Court had not fairly handled the Divorce Action.

On July 2, 2018, Evelyne filed a Motion for Relief from Stay in the Chapter 7 bankruptcy case. Mot. for Relief from Automatic Stay to Allow Equitable Distribution to Proceed in State Court and to Conclude Divorce Action, July 2, 2018, BK ECF No. 21 ("RFS Motion"). Essentially, the RFS Motion alleges that there is cause to grant relief from the automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code[2] to allow Evelyne to proceed with the Divorce Action, and have the State Court determine the "issues of equitable distribution, alimony, and attorney fees and costs between the parties." RFS Motion, ¶ 23 BK ECF No. 21.

A deadline was set requiring that objections to the RFS Motion be filed by July 16, 2018. Kurt did not file any timely response to the RFS Motion. A hearing was held on the RFS Motion on July 20, 2018, at which time Kurt argued, in part, that I should "fast track" the Divorce Action and decide it.

The July 20, 2018, proceeding was a consolidated hearing on the Remand Motion and the RFS Motion. The matters are now ripe for decision.

## II. JURISDICTION

The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. The Divorce Action is a non-core related to proceeding. The RFS Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(G). At the time of the July 20, 2018 hearing, both counsel for Evelyne and

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

Case 5:18-bk-01966-RNO    Doc 23    Filed 07/25/18    Entered 07/25/18 13:51:41    Desc
Main Document    Page 3 of 24

Kurt consented to my entry of final judgments or orders concerning the Remand Motion and the RFS Motion.

## III. DISCUSSION

### A. Removal and Remand

The Divorce Action might be remanded to State Court pursuant to two of the jurisdictional provisions which grant decision-making authority to bankruptcy courts.

Decisions to remand removed actions back to state court frequently consider the principle of abstention.

28 U.S.C. § 1334(c)(2) provides:

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall* abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. (emphasis added)

This provision is commonly referred to as mandatory abstention. This provision governs the situation where the bankruptcy court *must* abstain. *Stoe v. Flaherty*, 436 F.3d 209, 215 (3d Cir. 2006); *In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 757 (D.N.J. 1996).

Alternatively, a bankruptcy court *may* abstain, "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1); *In re 19-21 N. George, Inc.*, 2011 WL 1841556, at *4 (Bankr. M.D.Pa., May 13, 2011); *In re Kessler*, 430 B.R. 155, 165-166 (Bankr. M.D.Pa. 2010). This is referred to as permissive abstention.

4

Whether I am considering mandatory or permissive abstention, an important component of the analysis is the type of jurisdiction I have with respect to the Divorce Action. In the next section, I will examine the extent of my jurisdiction and then return to the abstention questions.

## B.  Jurisdiction

Like all Federal courts, bankruptcy courts are courts of limited jurisdiction. Bankruptcy courts have the limited authority vested in them by Congress within certain Federal statutes. *In re Resorts Intern., Inc.*, 372 F.3d 154, 161 (3d Cir. 2004); *also see Smalis v. City of Pittsburgh School District*, 556 B.R. 703, 709-710 (W.D.Pa. 2016); *In re Remington Develop. Group, Inc.*, 180 B.R. 365, 372 (Bankr. D.R.I. 1995).

"Bankruptcy jurisdiction extends to four types of title 11 matters: (1) cases 'under' title 11; (2) proceedings 'arising under' title 11; (3) proceedings 'arising in' a case under title 11; and (4) proceedings 'related to' a case under title 11." *Stoe*, 436 F.3d at 216; *Donington*, 194 B.R. at 757-758.

The Bankruptcy Court's jurisdiction is most fulsome in two types of matters. First, where the cause of action arises under a specific provision of the Bankruptcy Code. For example, an adversary proceeding to avoid an alleged preferential transfer under § 547(b) of the Bankruptcy Code. Second, fulsome jurisdiction would exist for a type of proceeding which would only arise in a bankruptcy proceeding. For example, an objection to a claimed exemption as provided for by Fed. R. Bankr. P. 4003(b).

I completed a summary review of copies of the Divorce Action documents which were filed as exhibits in the Adversary Proceeding. After review, I conclude that the matter presents family law questions which should be decided under Pennsylvania substantive law. The Divorce Action does not invoke any substantive provision of the Bankruptcy Code, nor any provision of

5

the Federal Rules of Bankruptcy Procedure. Further, the Divorce Action is clearly not the type of matter which would only arise in a bankruptcy proceeding.

In the statutory jurisdictional scheme for bankruptcy matters, Congress gave bankruptcy courts plenary authority over certain matters, and more limited authority over other matters. This distinction is codified in 28 U.S.C. § 157. That provision gives bankruptcy judges the authority to hear and render judgments in matters which are "core proceedings."

28 U.S.C. § 157(b)(2) provides an illustrative list of core proceedings, including, "matters concerning the administration of the estate," "allowance or disallowance of claims against the estate or exemptions from property of the estate," "orders in respect to obtaining credit, proceedings to determine, avoid or recover preferences," and, "motions to terminate, annul or modify the automatic stay."

Bankruptcy courts utilize a review process to determine if the claim at issue is a core proceeding. The first step is to refer to 28 U.S.C. § 157(b) to determine if the claim fits within the provision's illustrative list of core proceedings. A proceeding is core if it invokes a substantive right provided by the Bankruptcy Code or, if it is a proceeding "that by its nature, could arise only in the context of a bankruptcy case." *In re Winstar Commc'ns, Inc.*, 554 F.3d 382, 405 (3d Cir. 2009); *Donnington*, 194 B.R. at 758-759.

There is a broader universe of claims over which a bankruptcy court has more limited authority. A bankruptcy court may hear a non-core proceeding, but absent the consent of the parties, a bankruptcy court may not enter a final judgment and may only submit proposed findings of fact and conclusions of law that are subject to de novo review by the district court. 28 U.S.C. § 157(c)(1); *In re Winstar Commc'ns, Inc.*, 544 F.3d at 405; *In re Exide Techs.*, 544 F.3d 196, 205-206 (3d Cir. 2008); *In re Kessler*, 430 B.R. at 163.

6

I have already concluded that the Divorce Action does not arise under a provision of the Bankruptcy Code and it is not the type of claim which only would arise in a bankruptcy proceeding. I now conclude that at most I would have "related to" jurisdiction with respect to the Divorce Action.

A bankruptcy court has "related to" jurisdiction over a proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Resorts Intern., Inc.*, 372 F.3d at 164; *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). I find that the Divorce Action conceivably could affect Kurt's Chapter 7 bankruptcy proceeding by determining the extent of his property interests, and any claim Evelyne may hold, when adjudicating the equitable distribution issues. Therefore, considering the Divorce Action without reference to the RFS Motion, I have only non-core, related to jurisdiction with respect to the Divorce Action. *Halper v. Halper*, 164 F.3d 830, 836-837 (3d Cir. 1999); *In re Broad Street Media LLC*, 2017 WL 5624879, at *4 (Bankr. D.N.J., Nov. 20, 2017).

## C.    Mandatory Abstention – 28 U.S.C. § 1334(c)(2)

The Removal Notice was filed on June 6, 2018. Removal Notice, AP ECF No. 1. The Remand Motion was filed on June 28, 2018. Remand Motion, AP ECF No. 14. The Remand Motion, in part, cites 28 U.S.C. § 1452(b). This subsection provides, in part, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The Remand Motion also cites to Fed. R. Bankr. P. 9027. This rule specifies the procedure for filing a notice of removal and the steps after removal. Fed. R. Bankr. P. 9027(a)(2) provides two deadlines for filing a notice of removal; the applicable deadline depends upon whether or not the removed action was or was not pending when the bankruptcy

order for relief was entered. In a voluntary case, this is the petition filing date; in this case, May 9, 2018.

However, no specific deadline for filing a motion to remand is included in 28 U.S.C. § 1452 or Fed. R. Bankr. P. 9027. Still, the timing of the motion to remand can be counted as an equitable factor in considering remand. *In re Hotel Mt. Lassen, Inc.*, 207 B.R. 935, 939 (Bankr. E.D.Ca. 1997). In this case, the Remand Motion was filed twenty-two days after the Removal Notice.

Another Federal Statute, 28 U.S.C. § 1447, includes procedural requirements for a motion to remand. Subsection 1447(c) provides that a motion to remand, based upon any defect other than the lack of subject matter jurisdiction, must be filed within thirty days after the filing of the notice of removal. The Supreme Court has held that the removal provisions of 28 U.S.C. § 1447 and § 1452 can comfortably co-exist in the bankruptcy context. *Things Remembered, Inc. v. Petrarca*, 116 S. Ct. 494, 497 (1995); *also see Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263, 267 (3d Cir. 2002).

I conclude that under either of the removal statutes, the Remand Motion was timely filed.

When must a bankruptcy court abstain from hearing the removed state court action? The Third Circuit has held that abstention is mandatory where:

> (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is "related to" a case under title 11, but does not "arise under" title 11 and does not "arise in" a case under title 11; (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action "is commenced" in a state forum of appropriate jurisdiction; and (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction.

*Stoe v. Flaherty*, 436 at 213; *also see In re G-I Holdings, Inc.*, 2017 WL 1788656, at *5 (D.N.J., May 5, 2017).

Having already determined that the Remand Motion was timely filed, I now consider the five factors which are necessary for mandatory abstention.

Firstly, I conclude that the Divorce Action is based upon Pennsylvania state law. The Pennsylvania Divorce Code is codified at 23 Pa.C.S.A. § 3101, et seq. The Divorce Code sets forth fault and no-fault grounds for divorce. *Restifo v. Restifo*, 489 A.2d 196, 198 (Pa.Super. 1985). It is also noteworthy that in bankruptcy cases property interests are determined by applying the applicable state law, unless some federal interest requires a different result. *Butner v. U.S.*, 99 S. Ct. 914, 918 (1979). I conclude that the first factor weighs in favor of mandatory abstention.

Secondly, is the cause of action merely related to Kurt's underlying bankruptcy case or does it arise under the Bankruptcy Code or only arise in a case under Title 11? In the Jurisdiction Section of this Opinion, I concluded that, at most, I have related to jurisdiction over the Divorce Action. However, it has also been held that for mandatory abstention to apply; the matter must be a non-core proceeding. *In re Taub*, 413 B.R. 69, 75 (Bankr. E.D.N.Y. 2009); *In re Becker*, 136 B.R. 113, 117 (Bankr. D.N.J. 1992); *In re East Orange General Hosp., Inc.*, _____ B.R. _____, 2018 WL 3158814, at *25 (D.N.J. June 28, 2018).

Is the Divorce Action core or non-core? My initial inclination in the mandatory abstention analysis was to continue to characterize the Divorce Action as non-core. However, in a matter of mandatory abstention, which effectively compels a remand by the bankruptcy court, I believe it is necessary to finely sift the sands to correctly characterize the matter as core or non-core. I have no difficulty finding that the Divorce Action by itself, which will be decided under Pennsylvania law, is a non-core action. However, Evelyne also seeks relief from the automatic stay so that she may pursue the Divorce Action to final judgment. A judgment which would

9

remand the Divorce Action to state court, but not grant relief from the automatic stay, would consign the action to oblivion.

A matter concerning the termination or modification of the automatic stay is a core proceeding. 28 U.S.C. § 157(b)(2)(G); *In re Walker*, 551 B.R. 679, 686 (Bankr. M.D.Ga. 2016) (addressing actions for violation of the automatic stay); *In re Klarchek*, 508 B.R. 386, 389 (Bankr. N.D.Ill. 2014); *In re Hughes-Bechtol, Inc.*, 141 B.R. 946, 953 (Bankr. S.D.Ohio 1992).

I recognize the authority that the existence of both core and non-core matters does not generally require that both matters be treated as core. My concern here is that mandatory abstention should be found sparingly. Consistent with this approach, I find that the Remand Motion and the RFS Motion are effectively intertwined and, only for purposes of mandatory abstention, I consider the Divorce Action to be a core proceeding. I conclude that the requirements of the second factor have not been satisfied. All the requirements for mandatory abstention have not been met and it does not apply here.

In the interests of transparency and thoroughness, I will proceed to consider the remaining relevant factors for mandatory abstention.

Thirdly, would a Federal court have jurisdiction over the Divorce Action absent its relation to Kurt's bankruptcy case? One of the Federal statutes cited in the Removal Notice is 28 U.S.C. § 1332(a)(2). This provision provides for Federal jurisdiction in an action between a citizen of a state, like Pennsylvania, and a citizen of a foreign state. In considering diversity jurisdiction, a court must find that there is complete diversity between the opposing parties. Also, in establishing diversity jurisdiction, the burden of proof is upon Kurt as the party who is claiming I have jurisdiction to hear this matter. *In re Briseno*, 571 B.R. 214, 224 (Bankr. S.D.Tex. 2017). Kurt argues that he is a Pennsylvania citizen and that Evelyne is a citizen of

10

Switzerland. Contrastingly, the Remand Motion states that when the Divorce Action was filed, both Kurt and Evelyne were residents of Pennsylvania. Remand Motion, AP ECF No. 14, ¶ 8(b).

I have a very slim record with which to make findings as to the current residency of Kurt and Evelyne for purposes of diversity of citizenship jurisdiction. However, I take judicial notice that the divorce complaint filed on January 14, 2015, identifies both Evelyne and Kurt as Pennsylvania residents. For purposes of diversity jurisdiction, federal courts apply the time-of-filing rule. Under that rule, diversity of citizenship is tested against the state of facts that existed at the time of filing. *Grupo Dataflux v. Atlas Global Group, L.P.*, 124 S. Ct. 1920, 1924 (2004); *In re SemCrude, L.P.*, 428 B.R. 82, 96-97 (Bankr. D.Del. 2010) (general rule is that subject matter jurisdiction is based on the state of facts that existed at the time an action is filed).

I conclude that no Federal court would have jurisdiction over the Divorce Action but for its relation to Kurt's Chapter 7 bankruptcy filing. Thus, the third factor weighs in favor of mandatory abstention.

The fourth factor is whether an action had been commenced in a state forum of appropriate jurisdiction. *In re Kolinsky*, 100 B.R. 695, 704 (Bankr. S.D.N.Y. 1989) (pending state action in an appropriate forum is an essential element for mandatory abstention). Here, the Divorce Action pre-dates Kurt's bankruptcy filing by more than three years and three months. In fact, the Divorce Action had progressed to the point where a Master's Report and Recommendations was filed on or about March 20, 2018. The Report and Recommendations provides detail as to Evelyne and Kurt's marital assets and includes a recommended equitable distribution of the assets. I am unaware of any subject matter jurisdictional challenge lodged in the Divorce Action.

11

I conclude that an action was previously commenced in a state court forum of appropriate jurisdiction and, therefore, conclude that factor four weighs in favor of mandatory abstention.

The fifth factor to be considered for mandatory abstention is whether the action can be "timely adjudicated" in the state court forum. *Stoe*, 436 F.3d at 213; *Allen v. J.K. Harris & Co., LLC*, 331 B.R. 634, 644 (E.D.Pa. 2006). The Remand Motion alleges "the Divorce Action can be timely adjudicated in the Court of Common Pleas of Luzerne County." Remand Motion, ¶ 15 AP ECF No. 14. Evelyne bears the burden of proof on the issue of whether the Divorce Action can be timely adjudicated in State Court. *In re Asousa Partnership*, 264 B.R. 376, 389 (Bankr. E.D.Pa. 2001).

The Removal Notice, in part, requests "immediate removal of case 384 of 2015, equitable distribution to the divorce action of Topfer v. Topfer, to Federal Court jurisdiction. [sic]" Removal Notice, ¶ 6 AP ECF No. 1. The Removal Notice also requests that the Divorce Masters Report and Recommendations "be vacated in its entirety." Removal Notice, ¶ 7 AP ECF No. 1. My examination of the record in the State Court provides significant guidance as to whether the matter can be timely adjudicated in State Court. I also view this question against the backdrop of my continuing concern for comity between Federal and State Court forums. It has been held that:

> Equitable distribution is a "category of cases in which state courts have a special expertise and for which federal courts owe significant deference." [*In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992)]. Bankruptcy courts should generally defer to state courts in these matters and not undertake an equitable distribution hearing.

*In re Secrest*, 453 B.R. 623, 629 (Bankr. E.D.Va. 2011); *In re Lemoine*, 2012 WL 5906939, at *3 (Bankr. E.D.Pa. 2012) (considering permissive abstention, the court noted "family law in particular is a domain from which federal courts will often abstain.").

12

Portions of the State Court record show that discovery has been conducted. This includes interrogatories and requests for production of documents propounded by Evelyne upon Kurt.

More importantly, the State Court docket shows that on April 18, 2018, the State Court entered an order scheduling a hearing on Kurt's exceptions to the Master's Report and Recommendations. AP ECF No. 22-21. The State Court hearing was set for June 7, 2018. The hearing was presumably stayed due to Kurt's May 9, 2018, Chapter 7 filing. Evelyne argues that the State Court, due to its familiarity with the Divorce Action, is likely to reach a resolution more quickly than this Court could. Brief of Evelyne Ruetimann Topfer in Support of Her Motion for Remand of Removed Case, 7 AP ECF No. 24. At the consolidated July 20, 2018, hearing, counsel for Evelyne represented that, generally, the State Court can review a master's report and recommendation within one month's time. At the hearing, Kurt noted that he had filed exceptions to the Master's Report and Recommendations and again suggested that I could "fast track" the Divorce Action.

I find that my determining equitable distribution in this matter would impose needless delay, repetitive hearings, and additional costs on both parties. Based upon my review of the State Court record, I find that the Divorce Action can be timely adjudicated in State Court. Due to prior proceedings held in the Divorce Action, I find that the State Court can decide the Divorce Action more promptly than this Court. Thus, consideration of the fifth factor weighs in favor of mandatory abstention.

Since not all of the requirements for mandatory abstention have been satisfied, I will proceed to consider whether permissive abstention is appropriate.

13

### D. Permissive Abstention – 28 U.S.C. § 1334(c)(1)

What are the factors as to whether a court *may* permissively abstain? Twelve factors are considered in determining whether permissive abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*In re Castle Cheese, Inc.*, 541 B.R. 586, 592 (Bankr. W.D.Pa. 2015); *In re Kessler*, 430 B.R. 155, 165-166 (Bankr. M.D.Pa. 2010); *In re Fruit of the Loom, Inc.*, 407 B.R. 593, 599 (Bankr. D.Del. 2009).

The permissive abstention factors should be applied flexibly because their relevance and importance will vary with the particular circumstances of each case and no one factor is necessarily determinative. *Matter of Chicago, Milwaukee, St. Paul & Pacific R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993). In exercising their discretion to permissively abstain, courts should be guided by what will best assure an economical and expeditious administration of the debtor's estate. *In re Yobe*, 75 B.R. 873, 876 (Bankr. W.D.Pa. 1987) (citing *Harley Hotels, Inc. v. Rains International Ltd.*, 57 B.R. 773, 782 (M.D.Pa. 1985). The court should view all twelve permissive abstention factors to determine their relevance to the case at bar. *In re Castle Cheese, Inc.*, 541 B.R. at 592.

14

Weighing the permissive abstention factors should not be a mere counting exercise; comparing how many factors favor abstention and how many disfavor it. Factors such as the effect on the administration of the estate, whether the claim involves only state law issues, and whether the proceeding is core or non-core are more substantial factors. *In re Fruit of the Loom, Inc.*, 407 B.R. at 600; *In re LaRoche Industries, Inc.*, 312 B.R. 249, 255 (Bankr. D.Del. 2004); *Transworld Airline, Inc. v. Karabu Corp.*, 196 B.R. 711, 715 (Bankr. D.Del. 1996); *also see In re Taub*, 417 B.R. 186, 191 (Bankr. E.D.N.Y. 2009) (head count of the abstention factors will not yield an answer with mathematical certainty). I will address the permissive abstention factors in turn.

**1.      The effect or lack thereof on the efficient administration of the estate.**

Kurt's Chapter 7 bankruptcy filing was filed less than three months ago. The Divorce Action is more than three years old and has already been substantially litigated in the State Court. It has been represented to this Court that the State Court should be able to effectively decide matters of equitable distribution within a month's time of remand. I repeat my finding that my hearing the Divorce Action would delay administration of the estate while I became familiar with the Divorce Action and conducted the necessary hearings to adjudicate the matters at issue therein. This factor weighs in favor of permissive abstention.

**2.      The extent to which state laws predominate over bankruptcy issues.**

As discussed in the mandatory abstention discussion in this Opinion, state law issues clearly predominate over bankruptcy issues. The Divorce Action will be decided under provisions of the Pennsylvania Divorce Code and Pennsylvania Common Law. At most, a state court decision may determine the extent of Evelyne's and Kurt's respective property interests

which may later affect this Court's determination of the extent of property of the estate and the allowable claims. This issue weighs in favor of permissive abstention.

### 3. The difficulty or unsettled nature of applicable law.

The Pennsylvania Divorce Code was enacted effective July 1, 1980. *Krenzelak v. Krenzelak*, 469 A.2d 987, 988 (Pa. 1983). To be sure, there have been amendments to the Divorce Code since its enactment. Further, state court decisions have construed various provisions of the Pennsylvania Divorce Code. *Bacchetta v. Bacchetta*, 445 A.2d 1194, 1196 (Pa. 1982) (holding that the equitable distribution provision of the Divorce Code applied to marital property, including property acquired before the Divorce Code's effective date); *Johnson v. Johnson*, 529 A.2d 1123, 1125-26 (Pa.Super. 1987) (in awarding equitable distribution, the court should be aware of and consider the contribution of each party to the acquisition, preservation, depreciation, or appreciation of marital property; the weight to be given this consideration is primarily in the discretion of the trial court). The State Court has substantial experience in deciding divorce matters, which includes the utilization of divorce masters. There are established state court procedures for divorce actions. See Pa. R.C.P. 1920.1, et seq. I find that the applicable state law is neither particularly difficult nor unsettled. This factor weighs against permissive abstention.

### 4. The presence of a related proceeding commenced in state court or other non-bankruptcy court.

The Divorce Action clearly precedes the bankruptcy filing by more than three years. And, prior to the bankruptcy filing, it had progressed to the eve of a determination as to equitable distribution and other marital issues. Further, the State Court has substantial experience in adjudicating divorce actions. I find that this factor strongly weighs in favor of permissive abstention.

16

### 5. Jurisdictional basis, if any, other than 28 U.S.C. § 1334.

There was considerable discussion of the related to basis for jurisdiction over the Divorce Action pursuant to 28 U.S.C. § 1334. There is no other independent basis for federal bankruptcy jurisdiction. This factor weighs in favor of permissive abstention.

### 6. Degree of relatedness or remoteness of the proceeding to the main bankruptcy case.

The Divorce Action is a two-party dispute between Evelyne and Kurt. As noted above, determination of equitable distribution may have some effect on the composition of the assets and liabilities in Kurt's bankruptcy estate. However, there is a degree of remoteness to the Divorce Action. It will be decided without reference to the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure. At most, it will have a collateral effect in the main bankruptcy case. This factor is neutral with respect to permissive abstention.

### 7. The substance rather than the form of an asserted "core" proceeding.

I have already found that I have no core jurisdiction with respect to the Divorce Action, other than for purposes of considering mandatory abstention. The fact that it is being considered in conjunction with the RFS Motion, which is a core proceeding, does not result in both matters being treated as core. *In re Drauschak*, 481 B.R. 330, 339-40 (Bankr. E.D.Pa. 2012) (citing *In re Exide Technologies*, 544 F.3d 196, 206 (3d Cir. 2008)). This factor weighs in favor of permissive abstention.

8. **The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.**

It is quite feasible to grant relief from the stay to allow the State Court to decide the marital issues in the Divorce Action. The relief from stay order can also provide that no monetary claims can be asserted against Kurt or property of the estate, except through the claims allowance process, or pursuant to further order of this Court. This factor weighs in favor of permissive abstention.

9. **Burden on the court's docket.**

Both the State Court and this Court have active dockets. Nothing in this record suggests that either court would not promptly address the Divorce Action. I reiterate my finding that the State Court, due to its history with the Divorce Action, could more promptly decide the action. This factor weighs slightly in favor of permissive abstention.

10. **Likelihood that a commencement of the proceedings in bankruptcy court involves forum shopping by one of the parties.**

I do not have an extensive factual record to develop this issue. I do find that much of Kurt's argument at the consolidated hearing consisted of his complaining about procedures and dispositions in the Divorce Action in State Court. Further, the Removal Notice requested that the Divorce Master's Report and Recommendations "be vacated in its entirety." Removal Notice, ¶ 7 AP ECF No. 1. This factor weighs slightly in favor of permissive abstention.

11. **Existence of a right to a jury trial.**

There is no common law right to a jury trial in a divorce action in Pennsylvania. *Renard v. Renard*, 1915 WL 4428, at *30 (Pa.Super. Jan. 1, 1915). Under the Divorce Code, a party may apply for a jury trial on certain issues of fact. 23 Pa.C.S.A. § 3322. This factor weighs against

Case 5:18-bk-01966-RNO    Doc 23    Filed 07/25/18    Entered 07/25/18 13:51:41    Desc
Main Document    Page 18 of 24

permissive abstention. *In re Waterscape Resort LLC*, 2013 WL 819748, at *3 (Bankr. S.D.N.Y. March 5, 2013).

### 12. The presence of non-debtor parties.

Clearly, Evelyne is the only non-debtor party in the Divorce Action. I note that under § 323 of the Bankruptcy Code, the trustee has the capacity to sue and be sued. However, at the time of the consolidated hearing, Evelyne's counsel reported that the Chapter 7 Trustee advised that he merely intended to monitor the Divorce Action, should it be remanded to State Court. Evelyne has already retained counsel in the Divorce Action and Kurt is representing himself in both the State Court and this Court. This factor weighs in favor of permissive abstention.

I have considered all of the permissive abstention factors and weighed them accordingly. I assign particular emphasis to consideration of the effect on the administration of the estate, whether the claim involves solely state court issues, and whether the proceeding is core or non-core. I conclude that it is appropriate to permissively abstain from deciding the Divorce Action. The state law issues are clearly predominant. This Court only has related to jurisdiction over the Divorce Action. The State Court has already established a significant record and, presumably, law of the case, in the Divorce Action. Thus, both comity and judicial economy will be served by permissive abstention. Finally, the limited nature of the relief from the automatic stay, which will be discussed below, will attenuate any effect the Divorce Action has on administration of the bankruptcy estate. Considering all of the foregoing, I will abstain from further consideration of the Divorce Action. I will grant the Remand Motion and remand the Divorce Action to State Court.

### E.   Relief from the Automatic Stay

As noted above, Evelyne filed a Motion for Relief from the Automatic Stay. BK ECF No.

21. Any objections to the RFS Motion were due by July 16, 2018. No response to the RFS

Motion was filed by either Kurt or Robert P. Sheils, Jr., the Chapter 7 Trustee. As previously

noted, a consolidated hearing was held on the Remand Motion and the RFS Motion on July 20,

2018; it is ripe for decision.

The RFS Motion alleges that the Divorce Action was pending when Kurt filed for

Chapter 7 bankruptcy relief on May 20, 2018. It is also alleged that a Master appointed by the

State Court had already held a hearing on the issues of equitable distribution between Evelyne

and Kurt. It is further averred that on March 20, 2018, a Master's Report and Recommendations

concerning the division of property was filed with the State Court. Paragraph 10 of the RFS

Motion states:

> Both Debtor and Movant filed briefs, and all that remained to
> determine the issue of equitable distribution was for the Court of
> Common Pleas to hear the Oral Argument and approve or
> disapprove of the Master's Report.

RFS Motion, ¶ 10 BK ECF No. 21. The RFS Motion is grounded upon § 361(d)(1) of the

Bankruptcy Code which provides that the automatic stay may be modified "for cause." The RFS

Motion asserts that judicial economy favors allowing the State Court, in which the Divorce

Action has been pending for more than three years, to determine equitable distribution and any

remaining marital issues. RFS Motion, ¶¶ 17, 20 BK ECF No. 21.

The wherefore clause of the RFS Motion requests relief from the automatic stay to

proceed with the Divorce Action in State Court:

> . . . to determine the issues of equitable distribution,
> alimony, and attorney fees and costs between the parties; allow
> Movant [Evelyne] to file appeals of any state court determination;

> allow any appellate court to hear any appeals which may result,
> and to hear and determine any sanction issues against the Debtor,
> including providing for payment of the sanctions as part of the
> allocation of the equitable distribution award; that the Order
> entered not be subject to the stay of Rule 4001, but be effective
> upon signing; and for other relief as is just.

RFS Motion, 4 BK ECF No. 21.

It is well recognized that the automatic stay imposed by § 362(a) of the Bankruptcy Code is one of the hallmarks of bankruptcy protection. *In re Thomas*, 529 B.R. 628, 635 (Bankr. W.D.Pa. 2015) (the automatic stay gives a debtor breathing room from creditor collection efforts and prevents an unfair race to the courthouse by certain creditors); *also see In re Elrod*, 523 B.R. 790, 795-796 (Bankr. W.D.Tenn. 2015).

When Congress provided for the automatic stay, it also provided, in § 362(d)(1), that the stay could be terminated, annulled, modified, or conditioned. Cause for granting relief from the automatic stay involves consideration of the totality of the circumstances in the particular case. *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997) (finding cause to allow creditor to pursue state court appeal); *In re Laguna Associates Ltd. Partnership*, 30 F.3d 734, 737 (6th Cir. 1994); *In re Mu'min*, 374 B.R. 149, 164 (Bankr. E.D.Pa. 2007) (cause for relief from stay is a broad and flexible concept which must be determined on case-by-case basis); *Boltz-Rubinstein v. McNaul Ebel Nawrot & Helgren, PLLC*, 2011 WL 13196622, at *1 n.1 (E.D.Pa. Feb. 24, 2011).

I find that relief from stay is a procedural necessity based upon my decision to permissively abstain from hearing the Divorce Action and remanding it to the State Court. It is common for bankruptcy courts to lift the automatic stay to allow the state court to determine matrimonial issues. *In re Tarone*, 434 B.R. 41, 50 (Bankr. E.D.N.Y. 2010). However, it is still important that I consider the interests of Kurt's general creditors in property of the estate as defined in § 541 of the Bankruptcy Code.

21

It is clear that cause exists to grant relief from the automatic stay. I will enter an order granting Evelyne relief from the automatic stay to proceed with the Divorce Action to a final, unappealable judgment. The relief will include the ability of the State Court to determine issues of equitable distribution, alimony, attorney's fees, costs, and sanctions. However, my order will provide that no monetary claim against Kurt or property of the estate can be made, other than through the claims allowance process, provided in § 502 of the Bankruptcy Code, or by further order of this Court. The automatic stay remains in place against enforcement of monetary claims or judgments by Evelyne. *See In re Polliard*, 152 B.R. 51, 55-56 (Bankr. W.D.Pa. 1993); *also see In re Clouse*, 446 B.R. 690, 707-08 (Bankr. E.D.Pa. 2010). This will protect the interests of the estate and general creditors.

### F.      Request to Make Relief from Stay Order Effective Immediately

Fed. R. Bankr. P. 4001(a)(3) provides, "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." F.R.B.P. 4001(a)(3). Evelyne requests that my relief from stay order be immediately effective and not subject to the fourteen-day stay initially imposed by the Rule.

The Bankruptcy Court for the District of South Carolina has held that the fourteen-day stay should be waived only when there is "a clear showing by the movant of equitable reasons that warrant the waiver." Judge Waites provided an example of an equitable reason – unclean hands of the debtor. *In re Henderson*, 395 B.R. 893, 904-05 (Bankr. D.S.C. 2008). In *Henderson*, the court did not find that the harm to the movant, a commercial mortgagee, was significant enough to warrant waiver of the fourteen-day stay requirement.

22

The Bankruptcy Court for the Southern District of New York considered the then ten-day stay under 4001(a)(3). The Chapter 11 debtor's landlord sought relief from the automatic stay to recover possession of the leased property. A post-petition rental check tendered by the debtor was returned for insufficient funds. The bankruptcy court found that the ten-day stay would subject the landlord to greater prejudice and reduced the stay to three business days. *In re Éclair Bakery Ltd.*, 255 B.R. 121, 142 n.42 (Bankr. S.D.N.Y. 2000). The fourteen-day stay under Rule 4001(a)(3) has also been waived where the court finds a bankruptcy filing and the debtor's actions therein to be a substantial misuse of the bankruptcy system. *In re Dennen*, 539 B.R. 182, 190-91 (Bankr. D.Colo. 2015).

At hearing, Evelyne did not present any argument as to why the fourteen-day stay should be waived.

On this record, I cannot find that Kurt's bankruptcy filing and the removal of the Divorce Action evidenced unclean hands or misuse of the bankruptcy system. Neither is this a case where the movant is seeking relief from the automatic stay to correct a condition which represents the risk of imminent harm to the public. Nor is it a case where the movant seeks to repossess perishable collateral which would lose all of its value during the fourteen-day stay. Here, Evelyne will only need to wait fourteen days before requesting a new hearing from the State Court in the Divorce Action.

I find that insufficient cause has been stated to waive the fourteen-day stay imposed by Fed. R. Bankr. P. 4001(a)(3). Waiver will therefore be denied.

## IV.     CONCLUSION

I will enter an order remanding the Divorce Action to the State Court.

I will also enter an order granting Evelyne relief from the automatic stay. The relief will allow her to proceed to a final, unappealable judgment in the Divorce Action. The relief will allow the state courts to hear and consider marital issues, including, without limitation, equitable distribution, alimony, counsel fees, costs, sanctions, entry of a divorce decree, and approval of any property settlement. The order will provide that Evelyne shall not seek to enforce the final judgment against Kurt, or property of the estate, other than through the claims allowance process, or upon further order of this Court.

By the Court,

_____

Robert N. Opel, II, Chief Bankruptcy Judge (BI)

July 25, 2018